Cardillo & Corbett
Attorneys for Plaintiff
NORTH CHINA SHIPPING LIMITED
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
James P. Rau (JR-7209)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NORTH CHINA SHIPPING LIMITED,       :
                                    :
                    Plaintiff,      :   ECF
                                    :   VERIFIED COMPLAINT
        -against-                   :
                                    :
SHANGHAI XINHENG LOGISTICS CO.,     :
LTD.,                               :
                                    :
                    Defendant.      :
------------------------------------x

08 CV 0081

JUDGE MARRERO

Courtesy Copy



        Plaintiff, NORTH CHINA SHIPPING LIMITED ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant SHANGHAI XINHENG LOGISTICS CO., LTD. ("Defendant"), alleges, upon information and belief as follows:

                            JURISDICTION

        1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

                            THE PARTIES

        2.   At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of the Commonwealth of the

Bahamas.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Rm. 8C, Hi-Tech King World, No. 666, East Beijing Rd., Shanghai, 200001, China.

## DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By Fixture Note dated November 28, 2007, Plaintiff, as disponent owner, chartered the M/V ST. PAUL (the "Vessel") to Defendant, as Charterer, to carry a cargo of 40,000 metric tons ("mts") (10% more or less Plaintiff's option) nickel iron ore fines from Surigao, Philippines to Rizhao or Lanshan, China (the "Fixture Note").

6. Under the terms of the Fixture Note Defendant was to load the cargo on board the Vessel free of risk and expense to Plaintiff at a load rate of 6000 mts per weather working day.

7. The Vessel arrived at the load port on December 9, 2007 and loading commenced on December 12, 2007.

8. By December 19, 2007, Defendant had loaded only some 1,502 mts of cargo due to bad weather and heavy

swells and high seas at the anchorage.

9. On December 19, 2007, Defendant terminated the Fixture Note and removed the cargo loaded from the Vessel.

10. Plaintiff accepted this repudiation of the Fixture Note with a full reservation of rights against the Defendant.

11. As a result of Defendant's repudiation of the Fixture Note, Plaintiff suffered damages of $712,140.80, representing the total costs incurred by it, including time charter hire paid by it to the registered owner of the Vessel of $599,013.80, bunker costs of $78,127 and port costs of $35,000.

12. From the total costs incurred of $712,140.80, Defendant is entitled to a deduction of $277,900, representing its prepayment of 20% of freight to Plaintiff, thereby reducing the damages due to Plaintiff to $434,240.80.

13. In addition, Plaintiff is entitled to lost profits on the cancelled Fixture Note, less any profits actually earned in mitigation of damages on a substitute charter.

14. Plaintiff calculates its lost profit on the cancelled voyage under the Fixture Note to be $271,729.

15. Plaintiff was able to charter the Vessel to

3

Noble Shipping Inc. to perform a time charter trip from Indonesia to China by fixture dated December 21, 2007 (the "Substitute Charter"). The profit earned on the Substitute Charter was $63,413.86.

16. Thus, Plaintiff is also entitled to its lost profits of $208,315.14 ($271,729-$63,413.86).

17. Plaintiff has demanded payment of said costs and lost profits in the total amount of $642,555.94, but Defendant has failed and refused to pay.

### HONK KONG ARBITRATION

18. The Fixture Note provides that any disputes arising under it shall be referred to arbitration in Hong Kong under English law, and Plaintiff reserves its right to commence arbitration thereunder.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in Hong Kong pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the principal claims: | $642,555.94 |
| B. | Interest, arbitration fees and attorneys' fees: | $160,000.00 |
| | TOTAL: | $802,555.94 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

20. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendant.

21. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B.   That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $802,555.94 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated

with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

        D.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            January 4, 2008

                          CARDILLO & CORBETT
                          Attorneys for Plaintiff
                          NORTH CHINA SHIPPING LIMITED

By: _____
     James P. Rau (JR 7209)

     Office and P.O. Address
     29 Broadway, Suite 1710
     New York, New York 10006
     Tel: (212) 344-0464
     Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is James P. Rau.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

*[signature]*
James P. Rau

Sworn to this 4th day
of January, 2008

*[signature]*
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

9